United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Angela Nails, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-62378-Civ-Scola |
| | ) |
| American Express, LLC, Defendant. | ) |

### Order Denying Motion to Dismiss

This matter is before the Court on the Defendant's motion for dismissal for failure to prosecute (ECF No. 45). The Plaintiff has failed to respond. Having reviewed the motion, the record, and the relevant legal authorities, the Court **denies without prejudice** the Defendant's motion (**ECF No. 45**).

On June 6, 2023, this Court compelled arbitration. (Omnibus Order Compelling Arbitration, ECF No. 33). However, the parties have failed to arbitrate. As the Court explained on February 20, 2025, the Plaintiff is required to submit a filing fee before JAMS or the AAA before the parties arbitrate. (Paperless Order, ECF No. 44.) The Court further explained that "[t]he Arbitration Agreement between the parties requires the Plaintiff to 'pay[] her share of any arbitration fees (including filing, administrative, hearing or other fees), but only up to the amount of the filing fees [she[ would have incurred if [she] had brought a claim in court.'" (*Id.* (citation omitted).) The Court then gave the Plaintiff thirty days to pay the fee and file notice thereof with the Court. (*Id.*) The Court warned the Plaintiff that should she not comply, the Court may dismiss her case. (*Id.*) The Plaintiff has not complied with the Court's order. On April 4, 2025, the Defendant moved to dismiss this case with prejudice for failure to prosecute and comply with the Court's order. (Def.'s Mot., ECF No. 45.) The Plaintiff has not responded.

Under Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Moreover, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule," except for some non-relevant exceptions, "operates as an adjudication on the merits."

Dismissing a case under Rule 41(b) is a "sanction of last resort that is to be utilized only in extreme situations." *Morewitz v. West of England Ship Owners' Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995). Such dismissal is "proper only where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Powell*

*v. Siegal*, 447 F. App'x 92, 93 (11th Cir. 2011) (cleaned up). "Violations caused by simple negligence, misunderstanding, or inability to comply do not constitute willfulness." *Id.* (cleaned up).

There is no doubt that the Plaintiff has failed to comply with various Court orders—namely, to arbitrate her case, to pay the required filing fee, and to provide the Court notice thereof. (*See, e.g.*, ECF Nos. 33, 44.) And in response to various letters and motions by the Plaintiff, the Court has explicitly reminded the Plaintiff that the case is stayed until the parties arbitrate her case. (*See, e.g.*, ECF Nos. 38, 40). Under these circumstances, dismissal with prejudice under Fed. R. Civ. P. 41(b) is most likely appropriate.

However, the Court understands that the Plaintiff is proceeding *pro se* and therefore the Court cannot yet determine if her violations of the Court's orders are *willful*. Therefore, the Plaintiff has until **May 23, 2025** to show cause and explain why she has not filed the arbitration fee and complied with the Court's orders to arbitrate her case. If she does not adequately do so, her case **will** be dismissed with prejudice.

The clerk is directed to promptly mail this order to the Plaintiff at the address listed below.

**Done and ordered** in Miami, Florida, on April 18, 2025.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. mail to:*

Angela Nails (pro se)
10708 Egmont Rd.
Savannah, GA 31406