United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Angela Nails, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-62378-Civ-Scola |
| | ) |
| American Express, LLC, Defendant. | ) |

### Order

    This matter is before the Court on its *sua sponte* review. On June 6, 2023, this Court compelled arbitration. (Omnibus Order Compelling Arbitration, ECF No. 33). However, the parties have failed to arbitrate. The Court held on February 20, 2025, that the Plaintiff is required to submit a filing fee before JAMS or the AAA before the parties arbitrate. (Paperless Order, ECF No. 44.) The Court further explained that "[t]he Arbitration Agreement between the parties requires the Plaintiff to 'pay[] her share of any arbitration fees (including filing, administrative, hearing or other fees), but only up to the amount of the filing fees [she[ would have incurred if [she] had brought a claim in court.'" (*Id.* (citation omitted).) The Court then gave the Plaintiff thirty days to pay the fee and file notice thereof with the Court. (*Id.*) The Court warned the Plaintiff that should she not comply, the Court may dismiss her case. (*Id.*) The Plaintiff did not comply with the Court's order. On April 4, 2025, the Defendant moved to dismiss this case with prejudice for failure to prosecute and comply with the Court's order. (Def.'s Mot., ECF No. 45.) The Court denied that motion without prejudice. (Order Denying Motion Without Prejudice, ECF No. 46.)

    In that order, the Court ordered the Plaintiff to submit proof that she paid the filing fee to initiate arbitration no later than May 23, 2025, or else her complaint would be dismissed with prejudice. (*Id.*) However, after that order was docketed, the Plaintiff filed a reply noting that she filed this complaint *in forma pauperis*. (Pl.'s Resp., ECF No. 47; *see also* Order Granting Leave to File *In Forma Pauperis*, ECF No. 5.) The Arbitration Agreement, as noted above, requires the Plaintiff to "pay her share of any arbitration fees . . . but only up to the amount of the filing fees [she] would have incurred if [she] had brought a claim in court." (Paperless Order, ECF No. 44.) Because the Plaintiff has filed *in forma pauperis*, the filing fees she paid for bringing her "claim in court" was $0.

    Therefore, one reasonable interpretation of the arbitration agreement is that the Plaintiff is *not* required to pay the filing fee to initiate arbitration. To require the Plaintiff to pay the filing fee is arguably substantively

unconscionable, which could make the arbitration agreement void. *See, e.g., Spikener v. Noble Food Grp.*, Case No. 18-cv-02855-LB, 2018 WL 11471627, at *3 ("[A] mandatory arbitration agreement is substantively unconscionable if it requires the payment of unaffordable fees to initiate the process." (citation omitted)).

Therefore, **by Friday, May 2, 2025**, the Defendant is **ordered** to notify the Court whether it will pay the filing fee to initiate arbitration in this matter. *See id.* ("The court observes that Noble Food may be able to cure any potential issue by agreeing to pay Mr. Spikener's $150 share of arbitration filing fee (in addition to the further filing fees, arbitrator fees, and administrative fees that it has already agreed in the Agreement to pay)." (citations omitted)).

Should the Defendant not agree to do so, the Court may require a trial on the issue of arbitrability. *See Abadi v. Nat'l Railroad Passenger Corp.*, Case No. 1:22-cv-03684 (TNM), 2024 WL 1344403, at *5 (requiring a trial on the issue of arbitrability because, in part, the plaintiff "raise[d] a genuine issue of material fact as to whether it is substantively unconscionable to require him, a pro se litigant proceeding in forma pauperis, to pay a $225 arbitration filing fee").

The Court's order directing the Plaintiff to pay the filing fee is **vacated** pending further order from the Court. The Plaintiff **need not** pay the filing fee pending further direction from this Court. The clerk is directed to promptly mail this order to the Plaintiff at the address listed below.

**Done and ordered** in Miami, Florida, on April 23, 2025.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. mail to:*

Angela Nails (pro se)
10708 Egmont Rd.
Savannah, GA 31406